687 So.2d 295 (1997)
WILLIAMS, HATFIELD & STONER, INC., and Jeffrey W. Rode, Appellants,
v.
Logan MALCOLM and Debbie Malcolm, his wife, Community Asphalt Corp. and Broward County, Florida, Appellees.
No. 96-2135.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Rehearing Denied February 27, 1997.
Adam C. Linkhorst and Robert E. Ferencik, Jr., of Leiby Ferencik Libanoff and Brandt, P.A., Fort Lauderdale, for appellants.
Kelley B. Gelb and Jon E. Krupnick of Krupnick, Campbell, Malone, Roselli, Buser, Slama and Hancock, P.A., Fort Lauderdale, for Appellees Logan Malcolm and Debbie Malcolm.
STEVENSON, Judge.
This is a non-final appeal from the trial court's order denying appellants' motion for *296 summary judgment based upon statutory immunity as construction design professionals pursuant to chapter 440, Florida Statutes (1993). We reverse and direct that the trial court enter final judgment in appellants' favor.
Broward County entered into a contract with Community Asphalt Corporation (CAC) to provide services as general contractor for the Ft. Lauderdale-Hollywood Airport project. Appellant, Williams, Hatfield & Stoner, Inc. (WHS), was the professional engineering consultant pursuant to a contract between the county and WHS. Appellant, Jeffrey Rode, was employed as the resident project representative. Appellee, and plaintiff below, Logan Malcolm, was employed as an electrician by HyPower, Inc., a subcontractor of CAC. Logan was electrocuted and suffered injuries. Apparently, the accident was caused because the proper lock was not on a vault, and, therefore, the circuit was erroneously reactivated. Plaintiff sued WHS and Rode, among others, alleging that they were negligent in several ways in connection with their failure to prevent the electrical power from being turned on while he was working on a power injunction box installation.
Claiming immunity, appellants moved for summary judgment in accordance with chapter 440, Florida Statutes (1993). Primarily two issues were raised: (1) whether the firm specifically assumed responsibility for safety standards in its contract; and (2) whether by its subsequent conduct, the firm assumed a duty to monitor safety. The trial court denied the motion.
Section 440.09(6), Florida Statutes (1993), provides for immunity for construction design professionals in connection with safety standards unless the construction design professional specifically assumes such responsibility in its contract. In the instant case, there was no language in the contract whereby appellants assumed responsibility for ongoing work safety issues. In fact, the contract expressly limits the project representative's authority by stating that the representative "[s]hall not advise on or issue directions as to safety precautions and programs in connection with the work." Accordingly, the trial court erred in failing to grant the motion for summary judgment on this ground.
We also find that the trial court erred in denying the summary judgment on the basis of the second issueassumption of a duty to monitor safety. Although there is some evidence in the record suggesting appellants' involvement with worker safety issues at the job site, the theory that the firm assumed a duty to monitor safety by its subsequent conduct is contrary to the statute and is, therefore, not viable. Appellees' common law theory of assumption of the duty by conduct would practically render meaningless the legislative enactment requiring that responsibility for safety practices be specifically assumed in the contract. See Acosta v. Richter, 671 So.2d 149, 153 (Fla.1996)("[A] statute should be interpreted to give effect to every clause in it."); Palm Beach County Health Care Dist. v. Everglades Memorial Hosp., Inc., 658 So.2d 577, 580 (Fla. 4th DCA 1995)("A statute must be construed to give effect to the plain meaning of its words.").
Accordingly, the order denying summary judgment is reversed with instructions that the trial court enter summary judgment in favor of appellants.
DELL and KLEIN, JJ., concur.