784 So.2d 514 (2001)
The ESTATE OF Marco T. REYES, by and through its Personal Representative, Florencia REYES, and on behalf of the claimants to the estate of Marco T. Reyes, Rodgers Reyes, the decedent's minor son, Marco V. Reyes, the decedent's minor son, and Florencia Reyes, as the surviving spouse, Appellant,
v.
PARSONS BRINCKERHOFF CONSTRUCTION SERVICES, Inc., a foreign corporation, Appellee.
No. 3D99-135.
District Court of Appeal of Florida, Third District.
April 18, 2001.
Rehearing Denied May 30, 2001.
*515 Ginsberg & Schwartz and Arnold R. Ginsberg, Miami; Goldberg & Vova, Miami, for appellant.
Peterson, Bernard, Vanderberg, Zei, Geisler & Martin and Patrick J. Toomey, Jr., for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
COPE, J.
This is an appeal from a summary judgment holding that defendant-appellee Parsons Brinckerhoff Construction Services, Inc. is immune from liability by reason of the worker's compensation statute. We affirm.

I.
Marco T. Reyes was a worker employed by Odebrecht Contractors of Florida, Inc. Odebrecht was the general contractor which built the Interstate 95 flyover at the Golden Glades interchange in Miami-Dade County. During construction of the flyover in June 1993, Marco T. Reyes fell to his death from a scaffold which was being used during the construction project.
Plaintiff-appellant Florencia Reyes is the personal representative of the estate. She brought suit against Parsons, which was responsible for construction engineering and inspection on the flyover project. The trial court ruled that Parsons was entitled to worker's compensation immunity by virtue of subsection 440.09(6), Florida Statute (1993). The personal representative has appealed.

II.
At the time of the accident, Marco Reyes ("the employee") was working for Odebrecht, the general contractor ("the employer"). The plaintiff personal representative alleges in substance that the scaffold on which Mr. Reyes was working did not have the proper safety equipment. The plaintiff contends that defendant Parsons, as consulting engineer, failed to inspect and require the correction of the safety flaws in the scaffolding.
Defendant Parsons is a construction design professional. The worker's compensation statute provides that no construction design professional "shall be liable for any injuries resulting from the employer's failure to comply with safety standards on the construction project for which [worker's] compensation is recoverable under this chapter, unless responsibility for safety practices is specifically assumed by contracts." Id. (emphasis added).[1] Under this statute, then, defendant *516 Parsons has no liability for the failure of the employer Odebrecht to comply with safety standards unless Persons specifically assumed responsibility for safety practices in its own contract.
The contract at issue here is the consulting agreement between the Florida Department of Transportation ("DOT") and Parsons for construction engineering and inspection. In this contract, defendant Parsons undertook "to assure that the projects are constructed in reasonable conformity with the plans, specifications and contract provisions." Contract at A-11.
The word "safety" appears in the contract only once, and that is in the context of requiring Parsons' approval for "[s]pecial erection plans that may affect the safety of the traveling public...." Contract at A-26. Although the personal representative argues that this provision is applicable here, it is not. The reference is to the safety of the public, not workers at the job site.
In order for Parsons to lose its statutory immunity, there would have to be a provision in the contract by which Parsons specifically assumed responsibility for safety practices of the employer, i.e., Odebrecht. See § 440.09(6), Fla.Stat. Nowhere in the contract did defendant Parsons assume responsibility for employer safety practices or worker safety. Consequently, Parsons is entitled to immunity under the statute. See Williams, Hatfield & Stoner, Inc. v. Malcolm, 687 So.2d 295, 296 (Fla. 4th DCA 1997); Wallace v. Post, Buckley Schuh & Jernigan, Inc., 579 So.2d 397 (Fla. 3d DCA 1991).
The personal representative offered the affidavit of her expert, Ronald Zollo, a professor of civil and architectural engineering at the University of Miami. Professor Zollo opined that defendant Parsons had undertaken the responsibility to assure that the general contractor, Odebrecht, complied with safety laws. Professor Zollo's affidavit does not create a disputed issue of material fact so as to defeat summary judgment. The question whether defendant Parsons had specifically undertaken responsibility for safety practices in its contract is a question of law for the court.
The personal representative points out that the DOT provided defendant Parsons with DOT's "Accident Prevention Procedures Manual ." The personal representative argues this means Parsons undertook responsibility for employee safety within the meaning of the statute. We disagree. The statute provides that the construction design professional is immune from liability "unless responsibility for safety practices is specifically assumed by contract." § 440.09(6), Fla.Stat. (emphasis added). Giving Parsons DOT's accident prevention manual is not enough. The responsibility for worker safety must be undertaken by plain words in the contract.
The personal representative contends that the DOT construction project manager conceded in his deposition that defendant Parsons had undertaken responsibility for employee safety. We reject this argument as well. As was true of the affidavit of Professor Zollo, the question whether defendant Parsons undertook responsibility *517 for safety practices specifically in the contract is a question of law for the court.[2]
In sum, the DOT-Parsons contract is over thirty pages long, spelling out Parsons' responsibilities in considerable detail. Nowhere in the contract did Parsons specifically assume responsibility for employer safety practices. The summary judgment entered by Judge Shapiro is entirely correct.
Affirmed.
NOTES
[1] The full text of subsection 440.09(6) is:

Except as provided in this chapter, no construction design professional who is retained to perform professional services on a construction project, nor any employee of a construction design professional in the performance of professional services on the site of the construction project, shall be liable for any injuries resulting from the employer's failure to comply with safety standards on the construction project for which compensation is recoverable under this chapter, unless responsibility for safety practices is specifically assumed by contracts. The immunity provided by this subsection to any construction design professional shall not apply to the negligent preparation of design plans or specifications.
[2] Even if that were not so, when the DOT construction project manager's deposition is read in full context, it is clear that when questioned specifically on the safety issue, it was his view that defendant Parsons had not undertaken such responsibility.